**GOVERNMENT OF IRAQ, Appellant,**

v.

**ROBERT W. HUNT COMPANY,**
Appellee.

No. 19840.

United States Court of Appeals
Ninth Circuit.

May 17, 1965.

Julius A. Leetham, Los Angeles, Cal., Carl L. Shipley, Shipley, Akerman & Pickett, Washington, D. C., for appellant.

Bruce A. Vevan, Jr., Musick, Peeler & Garrett, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and BROWNING, Circuit Judges.

BARNES, Circuit Judge:

On April 23, 1962, the Government of Iraq filed a complaint in the district court for breach of contract, rescission, fraud and exemplary damages against sellers of military spare parts (principally L. A. Parts Co., Inc., a corporation) and against appellee corporation, a spare parts inspector. The jurisdiction of the district court was invoked under the diversity of citizenship provision. (28 U. S.C. § 1332(a) (2).) Judgment was sub-

sequently entered in favor of plaintiff against the defendant parts sellers, but, by separate judgment, recovery was denied against the parts inspector, appellee Robert W. Hunt Company. It is from this latter judgment that plaintiff now appeals. Jurisdiction of this court rests on 28 U.S.C. § 1291.

We hold the findings of fact of the district court are supported by substantial evidence in the record. We extract from those findings and the record the following pertinent facts:

The Government of Iraq entered into three separate agreements with the L. A. Parts Company for the purchase of surplus military parts and equipment. The first two agreements merely provided that "inspection certificates" accompany the goods. (Pltff's Exs. 62, 126.) The content or form of such "inspection certificates" was not defined nor specified. The third agreement (Pltff's Ex. 155) provided that plaintiff would communicate with Hunt Company, "to whom we shall address an order to do the inspection work on our behalf."

The briefs before us do not disclose whether the Government of Iraq ever contracted with Hunt Company directly, as Exhibit 155 seemed to contemplate. We assume it did not, by reason of the assertion to that effect made by Hunt's counsel during the trial. (Tr. 887.) Additionally, Hunt Company apparently never issued *to anyone* its "normal certificate" of inspection (Tr. 887), which apparently is something over and beyond the limited certificates actually issued in this case to L. A. Parts Company, but something which appellant, at least as to its third contract, desired to have.

Soon after the execution of the first agreement, the *sellers* (L. A. Parts Company) orally engaged appellee to make a visual inspection of the goods, "and verify quantity, ordnance part number and description of * * * [a certain number] of military truck parts."[1] Similar oral orders were given by L. A.

Parts to Hunt Company after the execution of the other two agreements between Iraq and L. A. Parts.

On each of the five occasions that appellee made an "inspection," it submitted a report of its findings to L. A. Parts. In each report the following clause appeared:

"This report is only for our Client's use and represents our opinion on the date of examination only. The conclusions reached by our inspectors are matters of opinion, the accuracy of which we *do not* guarantee, and shall not be responsible for damages or loss of any kind which may be connected in any way with this report."

Thus, the only "client" of Hunt's (and the only legal entity with which it contracted) was L. A. Parts Company (Hunt's Exs. A and B. Cf. Exs. 86, 14, 6, 34, 141.)

We agree with the district court that no basis of recovery exists for plaintiff against the parts inspector Robert W. Hunt Company. Without examining the merits of such a claim on a tort theory, we dispose of appellant's tort arguments by subscribing to the district court conclusion that appellant knowingly and unequivocally waived any theory of tort recovery and stipulated that its theory of recovery was solely one based on a third-party beneficiary contract. (Finding No. 9.) The record unambiguously supports this conclusion. (R. Tr. 712–14.)

Appellant's theory of third-party beneficiary contractual liability is without merit. There is no evidence that the oral agreements between L. A. Parts and appellee evidenced any intent to confer a gift on appellant (such as to make appellant a donee beneficiary); nor did they evidence any intent to satisfy a debt owed by L. A. Parts to appellant (such as to make appellant a creditor beneficiary). A third-party beneficiary contract is made expressly for the

---

1. From these oral instructions, a written memorandum was prepared by appellee in the ordinary course of business. (Defendant Hunt's Ex. A.)

benefit of a third person. California Civil Code, § 1559. Shell v. Schmidt, 126 Cal.App.2d 279, 290, 272 P.2d 82 (1954). The contracts between L. A. Parts and appellee in no manner harmonize with the concepts of third-party beneficiary contract law. Rather, these agreements have more the appearance of a delegation of contractual duties from one party to a contract to a third party. A non-assuming delegatee, such as appellee, is in no way contractually bound to a promisee, such as appellant, who has no contract with appellee. The absence of such a contractual relationship in the present case is reinforced by the circumstances surrounding the agreements between L. A. Parts and appellee, and, particularly, by the express disclaimer, quoted above, of any intention that a third party was to be the beneficiary of the contract.

Since under no theory of substantive law could appellant recover damages from appellee, we find it unnecessary to examine subordinate questions raised by the parties with respect to the legal effect of the disclaimer (other than to show the nature of the contract) and with respect to the statute of limitations.

The judgment of the district court is affirmed.